STEPHEN GREENLEAF, JR. *versus* RACHEL HILL, *Ex.*

A note, payable at a future time, with interest annually, was confided for collection to the defendant, who collected it. In the absence of proof as to the time or the amount of the payment, the presumption is, that it was made at the payday of the note, and that the interest was paid annually.

In a case brought from the District Court by exceptions, this Court cannot authorize the remittitur of any excess of interest allowed by the jury in the verdict.

EXCEPTIONS from the District Court, GOODENOW, J.

This is an action of assumpsit on a contract or obligation of which the following is a copy, viz:—" Whereas I hold a note signed by Reuben Wing and Nathan Carver for $300,00 and interest, dated January 18, 1837, annually in four years from date, also a note against the same persons for $245,00 and interest annually in two years, of same date, now for value received I promise to pay Jane Hill Greenleaf one eighth of said sums when collected."

The plaintiff introduced testimony that the defendant had collected the money upon the $245 note, and that on the 30th day of Nov. 1843, the defendant gave up to the promisors the $300 note, receiving in payment, or in lieu therefor, six notes of fifty dollars each, payable in one, two and three years then next with interest, and that the last of said fifty dollar notes was paid, February 25, 1847, to the defendant, the other fifty dollar notes having been paid to the defendant as they became due, and long before the commencement of this suit. The plaintiff also introduced testimony that he was reputed to be the husband of the said Jane Hill Greenleaf; that they came to Norway as man and wife, before this said obligation was given; and that they lived together as such till the middle of Nov. 1846, when the said Jane Hill Greenleaf died. To the admission of this testimony the defendant objected, but the objection was overruled.

The plaintiff also proved that, within the last three years of the said Jane Hill Greenleaf's life, he showed this obligation twice to a neighbor.

The amount payable to said Jane Hill Greenleaf, as specified in said obligation, fell to her as her proportion of the estate of her father, who died about that time.

Hereupon the defendant contended, that the plaintiff's action was not maintained ; because 1st, there was no sufficient proof of the marriage ; 2d, that there was no sufficient proof that the plaintiff had ever been properly put into the possession of the obligation ; 3d, that a demand was necessary previous to the commencement of the suit. But the Court ruled otherwise, and directed a verdict for the plaintiff, if they believed the testimony, and directed the jury to allow annual interest up to Nov. 30, 1843, and simple interest since. Hereupon the jury returned a verdict for the plaintiff for $125,75.

To all which rulings and directions the defendant excepted.

*Dunn*, for the defendant.

This action cannot be maintained, as the money was not " collected," when it was commenced.

The exchange of notes was not a payment.

There was no sufficient or legal proof of marriage. Reputation of it is not sufficient. The defendant cannot prove a negative.

There was no proper, competent, or legal proof that the obligation had been reduced to possession, by the plaintiff.

Even if said Jane Hill Greenleaf was the wife of the plaintiff, yet this action cannot be maintained.

By the statute of 1844, chap. 117, the property of the wife is to remain " as her own property" ; and, by sect. 3, she can only release to the husband, the " control of such property," and he can only receive the income. And by the statute of 1847, chap. 27, this new provision in statute law is made to apply to all married women, whether made before or after the passage thereof.

*George F. Emery*, for plaintiff.

Greenleaf *v.* Hill.

SHEPLEY, C. J. orally. — The giving up of the $300 note, and receiving other notes, in room of it, may be deemed a payment. The $245 note was paid, but the case does not show at what time it was paid. In the absence of proof, the presumption is, that it was paid at its maturity, and that, upon both notes, the annual interests were paid, as they became due. Thus, the $245 note, is to be considered as paid on the 18th January, 1839, and the $300 note, on the 30th November, 1843.

The instruction required the jury to allow *annual* interest upon the one-eighth of the $245 note, from its date to 30th November, 1843, more than four years after it was paid to the defendant. In that respect, the ruling was erroneous. If it were a case before this Court, a *remittitur* of the excess might be authorized; but that cannot be done, on exceptions from another Court.                    *Exceptions sustained.*